UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan McInerney,

    Plaintiff,

v.

ROOSEN VARCHETTI & OLIVIER, PLLC,

    Defendant.

COMPLAINT
&
DEMAND FOR JURY TRIAL

## COMPLAINT

NOW COMES Plaintiff Ryan McInerney, represented by his attorneys, Sean R. O'Mara of the O'Mara Law Firm, PC and David S. Parnell of The Parnell Law Firm PLLC states:

## INTRODUCTION

1. Plaintiff alleges that the Defendant collection practices violate Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 *et seq*, and Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L. § 445.251 *et seq*.

2. Defendant, Roosen, Varchetti, & Oliver, PLLC (hereinafter "Roosen") filed suit against Plaintiff Ryan McInerney in Allen Park District court, attempting to collect a consumer debt allegedly arising from a purported obligation to "World's Foremost Bank." The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an account with World's Foremost Bank, which would have been used by the Plaintiff for non-business purposes. After

initiating suit in Allen Park District Court, Defendant Roosen then sought to collect an inflated amount.

3. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6). The defendant here is a debt collector seeking payment on a debt that was in default when obtained for collection. *Schlosser v Fairbanks Capital Corp.*, 323 F.3d 535, 536 (7th Cir. 2003). Defendant here is a debt collector.

4. The FDCPA regulates the behavior of collection agencies attempting to collect on a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

5. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

6. The RCPA, like the FDCPA, prohibits debt collectors form using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliot P.C.* No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del. 1991).

## JURISDICTION AND VENUE

7. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and 1337. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

8. Defendant, Roosen, Varchetti & Oliver PLLC, conducts business in Michigan and its principle place of business is within the jurisdiction and venue of the Eastern District of Michigan. Venue is proper pursuant 28 U.S.C. 1391(b)(2).

9. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

## PARTIES

10. Plaintiff, Ryan McInerney, is a resident of the State of Michigan, residing in Lincoln Park, Michigan and is a consumer as defined by 15 U.S.C. § 1692(a)(3).

11. Roosen, Varchetti & Oliver PLLC is a debt collector as defined 15 U.S.C. § 1692(a)(6) and regularly attempts to collect defaulted debts in the ordinary course of its business using instrumentalities of interstate commerce to effectuate its collection business.

12. Roosen, Varchetti & Oliver PLLC regularly uses the state courts of Michigan to sue consumers and obtain judgements in the ordinary course of its business of collecting debts.

13. At all times relevant to this complaint, Defendant engaged in the business of using the mails and telephone to collect consumer debts originally owed to others under the FDCPA.

## FACTUAL ALLEGATIONS

14. The Defendant in this case artificially inflated amount due as a deceptive practice in violation of § 1692e, § 1692e(10), § 1692e(5), § 1692e(2)(A), § 1692f, § 1692f(1).

15. On or about October 3, 2016 the Defendant violated 15 U.S.C 1692i by filing its collection lawsuit in the 24th District Court knowing that Mr. McInerney resided in Lincoln Park MI, not Allen Park, MI. (*See attached* Exhibit 1. "State Court Action with order for Alternate Service").

16. Defendant knew Plaintiff did not reside in Lincoln Park when it filed its motion for alternate service on November 29, 2016 seeking to serve Mr. McInerney at his residence in Lincoln Park, MI. (*See attached* Exhibit 1.)

17. As to the parties and the Debt, the Allen Park District Court of Michigan is not the Plaintiff's 15 U.S.C. § 1692i "district." The Plaintiff was not a resident of Allen Park at the time the State Court Collections Case was filed. Moreover, the Plaintiff has not signed any contract with World's Foremost Bank in Allen Park, Michigan.

18. The relevant "judicial district or similar legal entity" is the smallest geographic unit relevant for venue purposes in the court system in which the case was filed, regardless of the source of the venue rules. *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 638 (7th Cir. 2014); *Hess v. Cohen & Slamowitz LLP,* 637 F.3d 117, 123-24 (2nd Cir. 2011). Venue must be laid in the

state judicial unit that has jurisdiction over the claim, if that unit is smaller than a county. *Nichols v. Byrd,* 435 F.Supp.2d 1101 (D.Nev. 2006).

19. On or about October 3, 2016 Defendant filed its collection lawsuit attempting to collect on a defaulted consumer debt. Defendant's business is predicated upon filing collection lawsuits throughout the State of Michigan.

20. A Motion to Transfer Venue was filed, argued, and granted in the State Court Collections Case, transferring venue to the court of proper jurisdiction in Lincoln Park, Michigan. Plaintiff incurred attorney's fees in preparation, filing, and appearance for hearing of the Motion to Transfer Venue, caused by Defendant's filing in an improper district.

21. The foregoing acts and omissions of the Defendant were undertaken by either them willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiff.

22. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard or consideration of the rights of the Plaintiff.

23. On or about December 29, 2016, after receiving the collection lawsuit in the mail, Plaintiff contacted Defendant by phone and was told the amount owed was $5,529.06, the amount sued upon by Defendant was $5,434.06. On that phone call, the Plaintiff confirmed his address in Lincoln Park, not Allen Park.

24. Defendant's communication to Plaintiff that $5,529.06 was owed was a deceptive and misleading communication intentionally inflating the amount owed.

## COUNT I:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

26. The Defendant's violations of the FDCPA include, but are not limited to the following:

    a. In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included filing suit in violation 15 U.S.C. § 1692(2)(A) and § 1692(10) by seeking to collect an costs and/or fees unassessed.

    b. In violation of 15 U.S.C. § 1692e(2)(a), 15 U.S.C. § 1692e(10) and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

    c. In violation of 15 U.S.C. § (e)(5) and the "least sophisticated consumer" standard, the Defendant threatened to take an action (and actually took such an action) which cannot legally be taken.

    d. In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included filing suit in an improper jurisdiction.

    e. In violation of 15 U.S.C. § 1692i, the Defendant filed the State Court Collections case in Allen Park Michigan, which is a judicial district other than the one in which the Consumer signed a contract sued upon, or in which the Consumer resided at the commencement of the action.

27. Defendant violated the FDCPA by attempting to collect an inflated amount not permitted by law, and by falsely representing the character, amount, or legal status of a debt by inflating the amount claimed owed.

28. Defendant violated the FDCPA. Defendant's violations with respect to their inflated collection demand are, but are not limited to, the following:

    a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

    b. Making false, deceptive and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

    c. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

    d. Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(4) and 15 U.S.C. § 1692f(1).

29. Furthermore, Defendant violated 15 U.S.C 1692i by filing its collection lawsuit in the 24th District Court for Allen park all the while knowing that Mr. McInerney resided in Lincoln Park MI. (*See attached* Exhibit 1. "State Court Action").

30. Pursuant to 15 U.S.C 1692i defendant was obligated to file its collections lawsuit in the jurisdiction where plaintiff resided, Lincoln Park, MI.

31. While Defendant had knowledge that the Plaintiff resided in Lincoln Park, MI, it specifically chose to sue plaintiff in Allen Park, MI, going even further as to seeking and obtaining an order for alternate service to serve Plaintiff at his residence located in Lincoln Park, MI. *Id*.

32. Upon information and belief, Defendant engages in and continues to engage in a pattern of deceptive practices contrary to 15 U.S.C. § 1692e(10) by using false representations

and deceptive means by filing suit against consumers in inconvenient and improper venues in a willful attempt to gain a strategic advantage over consumers in an effort to strong arm Michigan consumers into paying debts they collect on.

33. Defendant's actions constitute a willful violation of the FDCPA.

34. Plaintiff suffered a concrete informational injury as a result of Defendant's actions and violations of the FDCPA.

35. The Plaintiff suffered actual injury by being forced to hire an attorney to defend him from an illegal collections action in an improper jurisdiction.

WHEREFORE, Plaintiff seeks a judgment against Defendant for:

a) Statutory and Actual Damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a) with a judicial review; and

c) Such further relief as the court deems just and proper.

## COUNT II:
## VIOLATION OF THE MICHIGAN
## REGULATION OF COLLECTION PRACTICES ACT MCL § 445.252

36. Plaintiff incorporates the preceding allegations by reference.

37. Roosen, Varchetti & Oliver PLLC is a "Regulated Person" as that term is defined in the Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L.A. § 445.251.

38. Mr. McInerney is a "Consumer" as that term is defined in M.C.L.A. § 445.251.

39. Roosen, Varchetti & Oliver PLLC by and through its acts in attempting to collect the alleged debt violated M.C.L.A. § 445.252(e)&(f)(i),(ii).

40. Roosen, Varchetti & Oliver PLLC intentionally inflated the amount claimed owed when Plaintiff called them on or about December 29, 2016 stating that the amount owed was $5,529.06, inflating the amount claimed owed $95.

41. Defendant violated the RCPA. Defendant's violations of the RCPA include, but are not limited to, the following:

   a. Defendant violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in communication to collect a debt as mentioned above;

   b. Defendant violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

      i. The legal status of a legal action being taken or threatened.

      ii. The legal rights of the creditor of debtor.

   c. Defendant violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee stating the inflated balance is owed, it is in fact a policy to inflate the amount owed by Defendant.

   d. Defendant here has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner when they inflated the balance.

42. Plaintiff has suffered damages as a result of these violations of the RCPA.

43. Roosen, Varchetti & Oliver PLLC's violations of the RCPA were willful.

44. Plaintiff seeks actual and statutory damages, attorney fees, costs, and equitable relief to prevent the course of conduct from continuing into the future.

WHEREFORE, Plaintiff seeks judgment against the Defendant for:

   a) Statutory damages in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b) Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that Defendant's debt collection practices violated the RCPA; and

c) Reasonable attorney's fees and court costs pursuant to M.C.L. 445.257(2) with judicial sanction.

d) An award providing for all proper relief, including equitable relief, to prevent Roosen, Varchetti & Oliver PLLC from continuing its deceptive and deceitful practices against consumers.

## JURY DEMAND

Plaintiff requests a jury trial for those claims triable by jury.

Dated: January 5, 2017

Respectfully Submitted,

/s/ Sean R. O'Mara
Sean R. O'Mara (P76140)
O'Mara Law Firm PC
21929 E. Nine Mile Road
Saint Clair Shores, MI 48080
P: (586) 200-6404
Email: omaralawfirmpc@gmail.com