UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan McInerney

    Plaintiff

v.

Roosen Varchetti & Olivier, PLLC,

    Defendant.
_____/

Case No. 17-10037

Hon. Sean F. Cox

**OPINION & ORDER
DENYING IN PART AND GRANTING IN PART DEFENDANT'S RULE 12(B)(5)
MOTION AND DENYING WITHOUT PREJUDICE DEFENDANT'S RULE 12(B)(6)
MOTION**

This is a Fair Debt Collections Practices Act ("FDCPA") case. The matter is currently before the Court on Defendant's Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Defendant's motion has been fully briefed on both grounds for dismissal. The Court finds that oral argument would not significantly aid in the decisional process and therefore orders that the instant motion will be decided upon the briefs. *See* E.D. Mich. LR 7.1(f).

Because the Court agrees that Plaintiff has failed to effect proper service on Defendant, the Court shall **GRANT IN PART AND DENY IN PART** Defendant's Rule 12(b)(5) motion. The Court shall grant the motion to the extent that the Court agrees that proper service has not been effected here. The Court denies the motion to the extent that it seeks dismissal of Plaintiff's claims. Instead, the Court shall afford Plaintiff additional time to effect proper service on Defendant. Moreover, because the Court may not exercise power over a defendant absent

1

proper service of process, the Court shall **DENY WITHOUT PREJUDICE** Defendant's Rule 12(b)(6) motion. Defendant may refile its motion if proper service is achieved.

## BACKGROUND

**A.     Procedural Background**

Plaintiff Ryan McInerney ("Plaintiff") filed this FDCPA action on January 5, 2017. (Doc. # 1). Plaintiff named Defendant Roosen Varchetti & Olivier, PLLC ("Defendant") as the only defendant in this case. Plaintiff alleges that Defendant artificially inflated the amount of debt due, as a deceptive practice, in violation of the FDCPA. Plaintiff also alleges that Defendant violated the FDCPA by filing its collection suit against Plaintiff in Allen Park, Michigan, despite knowing that Plaintiff resided in Lincoln Park, Michigan.

Plaintiff filed a Certificate of Service on January 9, 2017. (Doc. # 4). On January 27, 2017, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6). (Doc. # 5, Def.'s Mo.). The motion was fully briefed by the parties. (Doc. # 6, Pl.'s Resp.; Doc. # 8, Def.'s Reply). On May 10, 2017, the Court entered an Order regarding Defendant's motion. (Doc. # 10). The Order advised that should the Court reach Defendant's motion as it pertains to Rule 12(b)(6), it shall treat it as one for summary judgment. The parties were permitted to file supplemental briefs in the event necessary.

**B.     Factual Background As It Pertains To Service Of Process**

Plaintiff's Certificate of Service states that, on January 6, 2017, the summons and a copy of the complaint were delivered by personal service to 39541 Garfield, Clinton Township, MI 48038, which is Defendant's address. (Doc. # 4). The Certificate further indicates that the server "left copys [sic] with office manag [sic]." The Certificate is signed by the process server.

2

In support of its motion to dismiss, Defendant has filed the affidavits of Nancy Stonehouse (Defendant's paralegal) and Paul E. Varchetti (Defendant's registered agent). (Ex. A and B to Defendant's Mo.). In her affidavit, Stonehouse states that she was present at the office on the date that the process server attempted to serve Defendant. (Ex. A. to Def.'s Mo.). According to Stonehouse, the server tried to leave a copy of the summons and complaint with the receptionist after being informed that Varchetti was out of town. (*Id*. at ¶ 4). Stonehouse advised that no one at the office was authorized to accept service other than Varchetti. (*Id*.). Despite this, the server left the summons and copy of complaint with Stonehouse.

Varchetti's affidavit confirms that Paul E. Varchetti is the registered agent of Defendant and that he has never been served with process in this case. (Ex. B to Def.'s Mo. at ¶¶ 1, 2). Varchetti further states that neither Stonehouse nor the office receptionist are authorized to accept service for Defendant or Varchetti in his capacity as registered agent. (*Id*. at ¶ 3).

Attached to Plaintiff's response is an email chain between Plaintiff's counsel and Defendant's counsel. (Ex. 2 to Pl.'s Resp.). On January 26, 2017, Defendant's counsel informed Plaintiff's counsel that the process server did not achieve service and asked Plaintiff's counsel to submit a Rule 4 waiver. Plaintiff's counsel responded that the server left a copy at the registered agent's office with an individual who identified herself as the office manager. Plaintiff did not submit a waiver.

## ANALYSIS

**A.     Motion to Dismiss for Insufficient Service Under Rule 12(b)(5)**

A motion to dismiss brought under Rule 12(b)(5) challenges the mode of serving a summons and complaint. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520-21 (6th Cir.

2006). Once a defendant brings such a motion, "the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Federal Rule of Civil Procedure 4." *Aslani v. Sparrow Health System*, 2009 WL 10665237, at * 2 (W.D. Mich. Apr. 16, 2009) (internal quotation marks and citation omitted).

Here, Defendant argues that Plaintiff failed to effectively serve process by any means permitted under Federal Rule of Civil Procedure 4 and that the complaint should therefore be dismissed. Plaintiff counters that service was proper under Michigan law because his process server physically delivered the summons and complaint to the registered agent's address and because Defendant was sufficiently on notice of the complaint.

The Court agrees with Defendant. Plaintiff has failed to effectively serve process by any means permitted under Rule 4. In so finding, the Court has two options: it may either dismiss the case without prejudice; or it may extend the time for Plaintiff to effectuate proper service. The Court chooses to extend time for Plaintiff to effectuate proper service.

    **1.**    **Federal Rule of Civil Procedure 4**

The service of a summons and complaint in federal court is governed by Federal Rule of Civil Procedure 4. Rule 4(h)(1) requires Plaintiff to serve a corporate entity, such as Defendant, in a judicial district of the United States in one of two ways.

First, Plaintiff may serve Defendant by delivering the summons and a copy of the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). The Sixth Circuit has advised that "a managing agent is one authorized to transact

4

all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004).

Second, Plaintiff may serve Defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (incorporating subsection (e)(1) by reference in defining alternative means by which a corporation or partnership may be served). The relevant[1] Michigan court rule provides:

> Service of process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or the resident agent; [or]
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation . . . .

M.C.R. 2.105(D).[2] Neither of the above methods of service was achieved here.

### 2. Plaintiff Failed To Effectively Serve Defendant As Permitted Under Rule 4

Plaintiff has not properly effected service through any manner prescribed under Rule 4.

---

[1] Although the Michigan court rules do not list limited liability companies ("LLC") under any subsection of M.C.R. 2.105, federal courts within this district have applied the provisions of subsections D, E, and H to matters involving LLCs. Here, Defendant cites to subsection D and advances arguments as to that subsection. Plaintiff does not contest that subsection D applies and does not advance an argument as to subsections E and H. As such, the Court will address the arguments as they pertain to subsection D.

[2] M.C.R. 2.105(D) contains additional provisions for service upon corporations that have either ceased to do business, failed to appoint and maintain a resident agent, or failed to properly maintain their corporate organization or existence. *See* M.C.R. 2.105(D)(3), (4). Neither of these provisions apply here.

Plaintiff's Certificate of Service indicates that the summons and a copy of the complaint was personally served to Defendant's registered agent's office, on the office manager. However, Plaintiff does not provide the Court with the alleged manager's name. Nor does Plaintiff attempt to establish that the individual served was an officer, managing or general agent, or any other agent authorized by law to accept service. As such, Defendant was not served in accordance with Rule 4(h)(1)(B).

Plaintiff also failed to serve Defendant in accordance with Michigan law. There is no evidence that the unnamed office manager was "in charge" of the Defendant's Clinton Township office as is required in Michigan. Moreover, even if the unnamed manager qualified as an individual in charge of the office, there is no evidence that Plaintiff took the additional step of "send[ing] a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation," as is also required under Michigan law. Simply put, none of the provisions of M.C.R. 2.105 permit a plaintiff to serve a corporate entity in the manner effectuated here.

### 3. Although Plaintiff Has Failed To Properly Serve Defendant, A Permissive Extension of Time is Warranted

Not surprisingly, Plaintiff does not argue that service was effectuated in a manner consistent with the provisions of Rule 4. Instead, Plaintiff argues that dismissal under Rule 12(b)(5) is improper because Defendant has actual knowledge of the complaint filed and because Defendant has suffered no justifiable prejudice. (Pl.'s Resp. at 4). The Court is not persuaded that actual notice and lack of prejudice can take the place of proper service. Despite Plaintiff's failure, however, the Court shall not dismiss this action.

As a general matter, the Court may not exercise power over an individual named as a

defendant absent service of process. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). The decision to dismiss an action for improper service is within the Court's broad discretion. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). Rule 4 specifically provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must dismiss the action without prejudice against that defendant or order that service be made within a specified time.** But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . .

Fed. R. Civ. P. 4(m) (emphasis added).

Here, Plaintiff has not offered any real excuse for his failure to properly effect service. However, the fact that Plaintiff fails to demonstrate good cause does not end the Court's inquiry. Where, as here, a plaintiff inexcusably fails to effect proper service, the Court still has discretion to either dismiss the action without prejudice or retain the case for proper service later. *See* Fed. R. Civ. P. 4(m); *see also Frederick v. Hydro–Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (internal citation omitted).

In determining whether to exercise discretion, the Court considers the following factors: (1) whether a significant extension of time is warranted; (2) whether an extension of time would prejudice the defendant other than the inherent "prejudice" of having to defend the instant suit; (3) whether the defendant had notice of the lawsuit; (4) whether a dismissal would substantially prejudice the plaintiff; and (5) whether the plaintiff had made any good faith attempts to effect proper service of process. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. Dec. 13, 2001).

Of these factors, the first three weigh in favor of Plaintiff. First, because Defendant's

7

registered agent has been identified as Paul E. Varchetti, a significant extension of time is not necessary to effect proper service.  Second, Defendant has not identified any prejudice other than the inherent prejudice of having to defend this suit.  Third, Defendant had actual notice of this action, has timely filed a motion to dismiss, and has had the opportunity to retain counsel in this matter.

The fourth and fifth factors weigh against Plaintiff.  As to the fourth factor, Plaintiff has not identified any prejudice he would suffer if the suit were dismissed pursuant to Rule 12(b)(5) – *i.e.*, Plaintiff has not argued that his FDCPA claims would be time-barred.  As to the fifth factor, Plaintiff has not established that he made good faith efforts to effect proper service.  Notably, after Plaintiff was advised by Defendant's counsel that service was not achieved, Plaintiff still refused to request a Rule 4 waiver.

Having weighed these factors, the Court finds that an extension of time for proper service of the summons and complaint is appropriate pursuant to Rule 4(m).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court shall **GRANT IN PART AND DENY IN PART** Defendant's Rule 12(b)(5) motion.  The Court GRANTS Defendant's motion in so far as Defendant asserts that Plaintiff's attempt to effect service has been improper.  The Court DENIES Defendant's request to dismiss Plaintiff's claims as a result.  Instead, the Court will, in its discretion, afford Plaintiff additional time to effect proper service on Defendant.  Plaintiff is hereby **granted until July 1, 2017, to properly effect service on Defendant**.  In the event that Plaintiff fails to do so, the undersigned will dismiss Plaintiff's claims for failure to timely effect service.  *See* Fed. R. Civ. P. 4(m).

In light of the Court's decision to extend time for proper service, the Court shall **DENY WITHOUT PREJUDICE** Defendant's Rule 12(b)(6) motion. Defendant may refile its motion if, and/or when, Plaintiff properly effects service.

**IT IS SO ORDERED.**

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: June 1, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2017, by electronic and/or ordinary mail.

                                        s/Jennifer McCoy
                                        Case Manager