UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan McInerney,

    Plaintiff,

v.                                                            Case No. 17-10037

Roosen Varchetti & Olivier PLLC,      Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an FDCPA case. At issue is Defendant's Motion for Summary Judgment. The Court has determined that oral argument will not assist it in determining the merits of the issues presented and therefore will decide the matter on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Court shall grant the motion in part and deny it in part. The Court shall grant summary judgment in Defendant's favor as to Plaintiff's 15 U.S.C. § 1692i claim for filing in the wrong venue. But the Court concludes that Defendant is not entitled to summary judgment in its favor as to Plaintiff's § 1692e and § 1692f(1) claims for false representation of a debt and attempt to collect an amount not permitted by law because there are genuine issues of fact for trial.

## BACKGROUND

On July 10, 2015, Plaintiff Ryan McInerney applied for credit with World's Foremost Bank. Def. Stmt. of Uncontested Facts, ¶ 1 (Doc. # 15). On the application Plaintiff listed his address as 16319 Philomene Blvd., Allen Park, MI. *Id.* World's Foremost Bank also sent

1

statements to Plaintiff at a post office box in Allen Park. *Id*. at ¶ 2.

On September 27, 2016, Defendant Roosen, Varchetti, & Olivier, PLLC filed suit against Plaintiff in the 24th District Court, which is located in Allen Park, Michigan. Ex. 1, p. 5. Defendant was attempting to collect a consumer debt allegedly arising from Plaintiff's account with World's Foremost Bank. *Id*. The complaint requested a judgment of $4,865.13 plus pre-suit interest of $568.93 for a total of $5,434.06, plus allowable costs, attorney fees, and interest. *Id*. Before filing the complaint, pursuant to Defendant's policy for determining venue in consumer collection cases, Defendant verified with the United States Post Office that there was no change of address order on file for Plaintiff. Def. Stmt. of Uncontested Facts, ¶¶ 3, 5.

After Defendant had difficulty serving Plaintiff, it sought a second address verification from the Post Office on November 4, 2016. *Id*. at ¶ 7. The Post Office again indicated that Plaintiff had not filed a change of address. *Id.* Defendant's process server was subsequently informed that Plaintiff had moved to Lincoln Park, Michigan. *Id*. at ¶ 8. On November 29, 2016, Defendant obtained an order for alternative service by first-class mail to Plaintiff's address in Lincoln Park. Complaint, Ex. 1, p. 2 (Doc. # 1). Plaintiff eventually filed a motion for change of venue to the 25th District Court in Lincoln Park, which Defendant did not oppose. Def. Stmt. of Uncontested Facts, ¶ 9.

On December 29, 2016, Plaintiff called Defendant and asked about the amount due on his debt. *Id*. at 10; Complaint, ¶ 23. Plaintiff was told that the amount owed was $5,529.06. Complaint, ¶ 23. This amount was $95 more than what was listed in the Collection Complaint and represented the combined total of the filing fee for the Collection Complaint ($75) and the fee for the motion for alternative service ($20). Def. Stmt. of Uncontested Facts, ¶ 11.

Plaintiff filed this action on January 5, 2017, alleging that Defendant violated the FDCPA by filing its collections suit against Plaintiff in Allen Park despite knowing that Plaintiff resided in Lincoln Park. Plaintiff also alleged that Defendant also violated the FDCPA by artificially inflating the amount of debt due during the phone call with Plaintiff. Finally, Plaintiff alleged that Defendant violated the Michigan Regulation of Collection Practices Act, M.C.L. § 445.261, *et seq*. Defendant has moved for summary judgment on Plaintiff's FDCPA claims (Doc. # 16) and Plaintiff has responded (Doc. # 17).[1]

**STANDARD OF DECISION**

Summary judgment will be granted where no genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248; 106 S. Ct. 2505; 91 L.Ed.2d 202 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587; 106 S. Ct. 1348; 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002). "The court's duty to view the facts in the light most favorable to the nonmovant does not require or permit the court to accept mere allegations that are not supported by factual evidence." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009). "This is so because the nonmovant, in response to a properly made and supported

---

[1]Defendant did not move for summary judgment on Plaintiff's state law claim.

motion for summary judgment, cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." *Id.*

## ANALYSIS

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA is considered a strict liability statute, *Kistner v. Law Offices of Michael P. Margelefsky*, 518 F.3d 433, 438 (6th Cir. 2008), and a consumer need only prove that the debt collector violated "any provision" of the Act to be entitled to damages. 15 U.S.C. § 1692k.

### I. Whether Defendant Violated 15 U.S.C. § 1692i by Filing Suit in the Wrong Venue

Defendant first moves for summary judgment on Plaintiff's claim that it violated § 1692i(a), which provides:

> Any debt collector who brings any legal action on a debt against any consumer shall--
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity–
>
> (A) in which such consumer signed the contract sued upon; or
>
> (B) in which such consumer resides at the commencement of the action.

Defendant does not argue that it did not violate § 1692i(a)(2) when it filed suit against Plaintiff in Allen Park. Instead, Defendant contends that any violation of § 1692i resulted from a bona fide error. The FDCPA includes an affirmative defense, commonly known as the bona fide

4

error defense, which provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). This is an affirmative defense on which the debt collector bears the burden of proof. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1034 (6th Cir. 1992). To qualify for the bona fide error defense, a debt collector must prove by a preponderance of the evidence that: (1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error. *Hartman v. Great Seneca Financial Corp.*, 569 F.3d 606, 614 (6th Cir. 2009).

### A. Subjective Prong: Whether the Violation was Unintentional

"The first element of the bona fide error defense is a subjective test that assesses the credibility of the debt collector's assertions that the FDCPA violation was not intentional." *Montgomery v. Shermeta, Adams & Von Allmen, P.C.*, 885 F.Supp.2d 849, 856 (W.D. Mich. 2012). To establish this element, Defendant need only "show that the violation was unintentional, not that the communication itself was unintentional." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

Here, Defendant has shown that its violation, filing suit in the wrong venue, was unintentional. Defendant filed suit in Allen Park, which is where Plaintiff indicated that he lived on his credit application and where his credit statements were sent. Prior to filing suit, Defendant verified that Plaintiff had no change of address order on file with the United States Post Office. There is no evidence suggesting that Defendant knew Plaintiff resided in Lincoln Park when it filed suit. Absent this knowledge, Defendant's violation is an unintentional factual

5

error, for which the bona fide error defense may be invoked. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 594; 130 S.Ct. 1605; 176 L.Ed.2d 519 (2010) ("Lawyers can, of course, invoke § 1692k(c) for violations resulting from qualifying factual errors.").

In response, Plaintiff argues that Defendant's actions of filing a motion for alternative service to Plaintiff's Lincoln Park address and having a second summons issued with Plaintiff's Lincoln Park address listed constitute intentional acts. Plaintiff contends that Defendant's knowing continuation of a collection lawsuit in the wrong venue is an intentional action that is not excused by the bona fide affirmative defense.

Plaintiff's argument is unsupported by the text of § 1692i(a)(2), which applies to "[a]ny debt collector who brings any legal action on a debt" and specifies the venue in which a debt collector may "bring such action." 15 U.S.C. § 1692i(a)(2). The statute "specifically makes it unlawful to *instigate* a lawsuit in a venue not authorized by the Act." *Green v. Hocking*, 9 F.3d 18, 21 (6th Cir. 1993), *abrogated on other grounds by Heintz v. Jenkins*, 514 U.S. 291; 115 S.Ct. 1489; 131 L.Ed.2d. 395 (1995) (emphasis added). By its terms, a violation of the statute occurs when a lawsuit is initiated in an improper venue. In Michigan, this occurs when a complaint is filed with a court. *See* M.C.R. 2.101(B). But § 1692i contains no provision prohibiting the maintenance of a collection suit brought in an improper venue. Instead, "[o]nce the debt collector sues in the wrong venue, the consumer must defend, and the damage is done." *Beeler-Lopez v. Dodeka, LLC*, 711 F.Supp.2d 679, 680 (E.D. Tex. 2010). Because § 1692i applies to the commencement of an action, Defendant did not violate the FDCPA by continuing to prosecute the action it brought in Allen Park. Therefore, Defendant has established the

subjective prong of its bona fide error defense.

## B. Objective Prongs: Whether the Error was Bona Fide & Whether the Defendant Maintained Procedures Reasonably Adapted to Avoid Error

"The second and third elements of the bona fide error defense are objective inquiries." *Lift v. Portfolio Recovery Assocs., LLC*, 146 F.Supp.3d 857, 875 (E.D. Mich. 2015). As to the second element, a bona fide error as "one that is made in good faith; inadvertently; without fraud or deceit." *Durthaler v. Accounts Receivable Mgmt., Inc.*, 854 F.Supp.2d 485, 494 (S.D. Ohio. 2012). Here, Defendant's unintentional error was bona fide. There is no indication that its decision to bring the suit in Allen Park was made in bad faith or that fraud was involved.

As to the third element, determining whether or not procedures are reasonable is a fact-intensive inquiry that is typically left to the fact-finder. *Montgomery*, 885 F.Supp.2d at 857. However, "[w]here the undisputed record establishes that the procedures in place are extensive and were adhered to, the matter may be resolved as a question of law." *Id*.

Defendant has shown that it maintains procedures reasonably adapted to avoid the error made here. Defendant chose the venue by relying on the address Plaintiff listed on his credit application and the address where his credit statements were sent. It was not unreasonable for Defendant to rely on the debtor's own representations when deciding where to file suit. Further, the record indicates that before Defendant files a collection suit, its practice is to determine whether the debtor has submitted a change of address form with the United States Post Office. This practice is reasonably calculated to verify the address of the debtor so that the suit may be filed in the proper venue. Plaintiff argues to the contrary, noting that the Postal Service will only keep change of address records for one year, if they exist. But the third element of the bona fide

defense only requires that Defendant maintained procedures that were *reasonable*, not that it undertook exhaustive efforts to verify the debtor's address. Therefore, because Defendant filed suit in Allen Park in reasonable reliance on Plaintiff's own representations and in the absence of any change of address order on file with the Postal Service, the Court concludes that Defendant has established the third element of the bona fide error defense.

In sum, there is no genuine issue of material fact on this claim and Defendant has established all three elements of the bona fide error defense. Therefore, Defendant is entitled to summary judgment on Plaintiff's § 1692i claim.

**II. Whether Defendant Violated the FDCPA by Inflating the Debt Amount**

Defendant also moves for summary judgment on Plaintiff's claims that Defendant violated the FDCPA by attempting to collect an inflated amount not permitted by law and by falsely representing the character, amount, or legal status of a debt by inflating the amount owed. Plaintiff's claims stem from a phone call during which Defendant told Plaintiff the amount owed was $5,529.06, which was $95 more than the amount sued upon by Defendant.

**A. § 1692e**

Plaintiff alleges Defendant violated 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff also alleges that Defendant violated § 1692e(2)(A) (false representation of a debt) and § 1692e(10) (use of a false representation or deceptive means to collect or attempt to collect a debt).

"Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions."

8

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). A statement must be materially false or misleading to violate § 1692e. *Id*. This materiality requirement "simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Id*. at 327.

The issue here is whether Defendant's inclusion of the additional $95 in costs when informing Plaintiff of the amount owed constitutes a FDCPA violation. Defendant contends that its request for costs was permissible because the costs it requested are allowed by Michigan law. Defendant further argues that including the accrued amount of allowable costs in the amount owed does not constitute an FDCPA violation as a matter of law.

The Sixth Circuit has acknowledged "that a party cannot include unawarded penalties or specific costs in the 'remaining principal balance' of a claimed debt and thereby mislead a debtor." *Clark v. Main Street Acquisition Corp.*, 553 Fed. App'x. 510, 514 n. 1 (6th Cir. 2014).[2] Similarly, other courts have held that a debt collector violates the FDCPA when it fails to explain that costs and fees were included in the account balance. *See, e.g., Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004) (the plaintiff stated a claim under § 1692e where the debt collector did not explain that it included attorney fees in the balance); *Annunziato v. Collecto, Inc*, 207 F.Supp.3d 249, 261 (E.D. N.Y. 2016) (the defendant violated § 1692e where it

---

[2]Defendant relies on *Clark*'s statement that "the simple request for costs in an unstated amount, where such costs are permitted by state law to the prevailing party, is not a false representation and does not violate [the FDCPA]." *Clark*, 553 Fed. App'x at 514-15. This statement is distinguishable. *Clark* involved an affidavit (to verify the alleged debt) that requested costs. The affidavit, which sought "1,429.24, plus interest . . . and costs," *id*. at 513, did not include costs in the debt amount or suggest that costs had already been awarded. In contrast, this case involves a challenge to the Defendant's unexplained inclusion of unawarded costs in the represented debt amount.

9

did not indicate the total amount due included an estimate of the defendant's collection costs); *Richard v. Oak Tree Group, Inc.*, 614 F.Supp.2d 814, 822 (W.D. Mich. 2008) (the defendant violated § 1692e(2) where it provided no explanation for the inclusion of collection fees).

Defendant is correct that the costs it requested are recoverable under Michigan law. *See* M.C.L. 600.2441(1)(a) (allowing $20 as costs on motions); M.C.L. 600.2529(2) (providing that filing fees are taxable as costs). But these costs are not recoverable until the party has prevailed in the action and obtained a judgment. *See* M.C.R. 2.625(A)(1) ("Costs will be allowed to the prevailing party in an action . . . ."); M.C.R. 2.625(F) (providing that costs may be taxed "by the court on signing the judgment" or following post-judgment proceedings); *see also Ronnisch Constr. Group, Inc. v. Lofts on the Nine, LLC*, 886 N.W.2d 113, 123 (Mich. 2016) ("For there to be a 'prevailing party,' there must have been a material and enforceable alteration of the legal relationship of the parties resulting from judicial imprimatur."). Nothing in the record indicates that Defendant had prevailed on its collection complaint when it called Plaintiff, which was about three months after Defendant filed suit. There is also no indication that Defendant was otherwise entitled to the costs sought under Plaintiff's loan agreement. *See Fields*, 383 F.3d at 565 ("But when a debtor has contractually agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter."). Accordingly, there is a question of material fact regarding whether Defendant was entitled to the costs sought when it included them in its representation of the debt amount to Plaintiff.

Additionally, the record contains no information regarding the details of Defendant's communication to Plaintiff beyond the statement that he owed $5,529.06, which was $95 more

10

than the amount sued upon. Nothing in the record indicates that Defendant told Plaintiff that the additional amount sought represented costs incurred or that those costs were not yet recoverable.

In sum, there is a question of material fact regarding whether Defendant's representation of the debt included, without explanation, costs not yet recoverable in the debt amount, thereby making a false representation in violation of § 1692e(2)(A) and (10). *See Clark*, 553 Fed App'x at 514 n. 1. There is also a question of material fact regarding whether Defendant made a misleading representation to Plaintiff in violation of § 1692e. And, because unexplained inclusion of costs in the debt amount, even if the amount included is small, may "tend to mislead or confuse the reasonable unsophisticated consumer," the alleged violations are material. *See Wallace*, 683 F.3d at 327. Therefore, Defendant is not entitled to summary judgment on Plaintiff's § 1692e claims.

### B. § 1692f(1)

Finally, Plaintiff also alleges that Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of § 1692f. Section 1692f(1) proscribes the following conduct: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." In other words, a violation of this statute occurs when a debt collector attempts to collect an amount that is not permitted by law. *See Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 451 (6th Cir. 2014); *see also McCollough v. Johnson, Rodenberg & Lauinger*, 587 F.Supp.2d 1170, 1178 (D. Mont. 2008) ("Requesting fees or costs not authorized by law violates the FDCPA.").

As discussed above, Defendant included $95 in costs that it was not yet authorized under

Michigan law to collect in its representation of the debt amount. And the record does not indicate that the costs were otherwise authorized by Plaintiff's loan agreement. Therefore, there is a question of material fact regarding whether Defendant sought to collect an amount not permitted by law in violation of § 1692f(1) and Defendant is not entitled to summary judgment on this claim.

## CONCLUSION

For the reasons above, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART. The Court GRANTS Defendant's motion as to Plaintiff's § 1962i claim but DENIES Defendant's motion as to Plaintiff's § 1692e and § 1692f(1) claims.

IT IS SO ORDERED.


      s/Sean F. Cox
      Sean F. Cox
      United States District Judge

Dated: October 23, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2017, by electronic and/or ordinary mail.

      s/Jennifer McCoy
      Case Manager